## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | |
|---|---|
| ERICA J. SMITH, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO.: |
| v. | ) |
| | ) JURY TRIAL |
| | ) DEMANDED |
| GEORGIA KIDNEY | ) |
| CONSULTANTS, LLC | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Erica J. Smith, by and through undersigned counsel, and files her Complaint for Damages against Defendant Georgia Kidney Consultants, LLC ("Defendant"), showing the Court as follows:

## NATURE AND PURPOSE

1.

This lawsuit is brought seeking redress for religious-based discrimination and retaliation in violation of Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); and for violations of state law for Breach of Contract and Intentional Infliction of Emotional Distress.

## JURISDICTION AND VENUE

2.

Plaintiff's claims present federal questions over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4); and 42 U.S.C. §2000e et seq.

3.

This Court is an appropriate venue for all of Plaintiff's claims under 28 U.S.C. § 1391(b) and 42 U.S.C. §2000e-5(f)(3) because the Defendant resides within the Middle District of Georgia, and all or a substantial majority of the events giving rise to Plaintiff's claims occurred in this judicial district.

4.

This Court also has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.

Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Opportunity Commission ("EEOC") for religious discrimination and for retaliation. On April 18, 2022, the EEOC issued Plaintiff a Notice of Right to Sue. Plaintiff timely filed this Complaint within ninety (90) days of receiving the Right to Sue.

**THE PARTIES**

6.

Plaintiff is a female who currently resides in the State of Georgia and who resided in Georgia during the events which give rise to this cause of action.

7.

Defendant is a domestic corporation that conducts business in Georgia, has its registered agent in Georgia and is within the jurisdiction and venue of this Court.

8.

Defendant, at all times relevant to her claims, was Plaintiff's employer and is an

"employer" within the meaning of Title VII.

## FACTUAL ALLEGATIONS

9.

On or about November 16, 2020, Plaintiff began working for Defendant as a nurse practitioner.

10.

Plaintiff and Defendant entered into an employment agreement in early 2021.

11.

The employment agreement was for one (1) year and was to be automatically renewed unless Plaintiff or Defendant provided written notice at least sixty (60) days prior to the expiration of that year of their intention not to renew the agreement.

12.

In the first part of 2021 when the vaccine first came out, Plaintiff told Defendant's owner and one of its physician partners that she did not feel personally lead to receive the vaccine at that time.

13.

Defendant's owner and Plaintiff frequently had talks about their Christian faith and beliefs.

14.

On or about July 28, 2021, two of the hospitals that Defendant contracted work to announced vaccine mandates.

15.

In those announcements, these hospitals indicated that they would consider

providing medical or religious exemptions to their vaccine mandates.

16.

On or about August 11, 2021, Defendant announced that it would be implementing a vaccine mandate. In that announcement, provision was made for requesting a medical exemption. No provision was made for requesting a religious exemption.

17.

On at least two occasions after August 11, 2011, Plaintiff requested a religious exemption from Defendant's vaccine mandate in accordance with her sincerely held religious beliefs.

18.

Plaintiff was told by Defendant's Vice President of Operations that she would ask Defendant's owners about Plaintiff's request to seek a religious exemption from Defendant's vaccine mandate.

19.

On or about August 31, 2021, Plaintiff was informed that, effective September 11, 2021, she was going to be discharged for failing to become vaccinated.

20.

Defendant terminated Plaintiff's employment on September 10, 2021.

21.

On or about October 20, 2021, Plaintiff contacted Defendant to advise Defendant that it had not provided Plaintiff ninety (90) days' notice before terminating her employment.

22.

Defendant responded to Plaintiff that because her employment was terminated "for cause," there was no requirement to provide the ninety (90) days' notice.

23.

The agreement between the parties did not include any provision about terminations "for cause."

24.

After receiving Defendant's response that she was terminated "for cause," Plaintiff reminded Defendant that its vaccination policy "states that only a medical exemption would be accepted as a reason for exemption at GKC. There was no option to submit a possible religious exemption for review. In spite of this, I still inquired about the option of religious exemption to you prior to my official termination date when I spoke with you on the phone regarding my intentions. Again, I was never provided with any option to submit a possible religious exemption for GKC."

## CLAIMS FOR RELIEF:

## COUNT I:  RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII

25.

Plaintiff realleges paragraphs 1 through 24 as if they were fully set forth herein.

26.

By failing to provide Plaintiff any opportunity to submit a request for a religious exemption to its vaccine mandate, Defendant treated Plaintiff unfavorably because of her religious beliefs.

27.

In so doing, Defendant engaged in religious discrimination in violation of Title VII of the Civil Rights Act of 1964.

28.

As a direct result of Defendant's unlawful acts, Plaintiff has suffered lost wages, mental and emotional distress, the deprivation of her rights under and federal law, and other harms entitling her to injunctive relief and compensatory damages and punitive damages.

## COUNT II:  TERMINATION IN VIOLATION OF TITLE VII

29.

Plaintiff realleges paragraphs 1 through 28 as if they were fully set forth herein.

30.

By terminating Plaintiff without making any effort to accommodate her religious beliefs, Defendant engaged in religious discrimination in violation of Title VII of the Civil Rights Act of 1964.

31.

As a direct result of Defendant's unlawful acts, Plaintiff has suffered lost wages, mental and emotional distress, the deprivation of her rights under federal law, and other harms entitling her to injunctive relief and compensatory damages and punitive damages.

## COUNT III  RETALIATION IN VIOLATION OF TITLE VII

32.

Plaintiff realleges paragraphs 1 through 31 as if they were fully set forth herein.

32.

Defendant retaliated against Plaintiff for seeking to assert her right to submit a religious exemption to its vaccine mandate by terminating her employment and by failing to reconsider its termination decision.

33.

Defendant's retaliation against Plaintiff violated Title VII's anti-retaliation provisions.

34.

As a direct result of Defendant's actions, Plaintiff has suffered lost wages, mental and emotional distress, damage to her reputation, the deprivation of her rights under federal law, and is entitled to compensatory and punitive damages.

## COUNT IV: BREACH OF CONTRACT

35.

Plaintiff realleges paragraphs 1 through 34 as if they were fully set forth herein.

36.

Defendant breached the terms of the parties' agreement by failing to provide Plaintiff with the required notice before terminating her employment.

37.

Defendant breached the terms of the parties' agreement by terminating the agreement before the end of the agreement's one-year term.

38.

As a direct and proximate result of Defendant's breach of the parties' agreement, Plaintiff has lost wages, and has suffered, and will in the future suffer, other damages.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39.

Plaintiff re-alleges paragraphs 1 through 38 as if they were fully set forth herein.

40.

Defendant actions towards and retaliation against Plaintiff was extreme and outrageous.

41.

Defendant intended to inflict severe emotional distress or knew that it was a high probability that its conduct would do so.

42.

Defendant's conduct actually caused Plaintiff severe emotional distress.

43.

Defendant is liable for the general and special damages proximately resulting from the intentional infliction of emotional distress.

## COUNT VI: PUNITIVE DAMAGES, O.C.G.A. § 51-12-5.1

44.

Plaintiff re-alleges paragraphs 1 through 43 as if they were fully set forth herein.

44.

Defendant's acts were intentional and humiliating.

45.

Defendant's actions against Plaintiff evinces a conscious disregard for the circumstances and rights of others, and a specific intent to cause harm. Plaintiff is

accordingly entitled to recover from Defendant, in addition to compensatory damages, an award of punitive damages under the law of Georgia in order to punish Defendant, or to deter them from repeating such wrongful acts.

### COUNT VII: ATTORNEYS' FEES AND EXPENSES OF LITIGATION O.C.G.A. § 13-6-11

46.

Plaintiff re-alleges paragraphs 1 through 45 as if they were fully set forth herein.

47.

Defendant has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in litigating this case, and Plaintiff is thus entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff demands judgment as follows:

a. That this Court declare that Defendant's actions, policies and practices complained of herein violate the rights of Plaintiff as secured by state and federal law;

b. Temporarily, preliminarily, and permanently enjoin Defendant from future discriminatory acts relative to discrimination based on religion and for opposing such discrimination;

c. General damages for mental and emotional suffering caused by Defendant's misconduct;

d. Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

e. Special damages and/or liquidated damages for lost wages and benefits;

f. Reasonable attorneys' fees, costs and expenses of litigation;

g. Injunctive relief and prohibition of Defendant from engaging in further unlawful conduct of the type described herein;

h. Trial by jury as to all issues;

i. Prejudgment interest at the rate allowed by law; and

j. All other relief to which she may be entitled.

Respectfully submitted, this 14th day of July, 2022.

/s/ Frederick C. Dawkins
Frederick C. Dawkins
Georgia Bar No. 213460

Frederick C. Dawkins, Esq., P.C.
3379 Peachtree Road
Suite 555
Atlanta, GA 30326
Attorney for Plaintiff