IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ERICA J. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:22-cv-75(CAR) |
| | ) |
| GEORGIA KIDNEY | ) |
| CONSULTANTS, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PROTECTIVE ORDER**

This matter is before the Court on Plaintiff and Defendant's Consent Motion for Protective Order. Upon consideration, and for good cause shown, the Court hereby GRANTS the Plaintiff and Defendant's Consent Motion and issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation. In support of this Order, the Court finds:

Documents or information containing highly sensitive personal, business, or trade secret information of parties or non-parties ("Confidential Information") is likely to be disclosed or produced during the course of discovery in this litigation;

The parties to this litigation may assert that public dissemination and

disclosure of Confidential Information could severely injure or damage the party or non-party whose Confidential Information is being disclosed;

Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the personally sensitive, confidential, proprietary, and/or protected nature of such Confidential Information; and

To protect the respective interests of the parties and non-parties, and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

IT IS THEREFORE ORDERED THAT:

1. Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below. In designating information as "Confidential" a party will make such a designation only as to that information which it in good faith believes contains highly sensitive personal, business, or trade secret information. The parties shall not withhold documents, or otherwise withhold information on the basis that it is Confidential Information, private information, or any other related basis if it is covered by the

provisions of this Order.

2. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If a party objects to a designation of Confidential pursuant to this Protective Order, such objection shall specify and explain the objection by specific document to which objection is made. The Parties shall then meet, confer, and attempt to resolve the dispute. If the Parties are unable to resolve the objection as to any designation, the designating party shall have ten (10) days in which to move the Court for an order that the designation is proper. If the designating party does not so move the Court within ten (10) days after the Parties are unable to resolve the dispute, then the Confidential designation shall be considered withdrawn. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, the Confidential designation is deemed withdrawn, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment. In the event a document loses its

protected status, the producing party will create a replacement document without the designation at no cost to the receiving party.

3.  Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

4.  Protected Documents designated as "Confidential," and any information contained therein, shall be disclosed only to the following persons:

    (a) The parties and their counsel;

    (b) Employees of such counsel necessary to assist such counsel in the preparation and trial of this action;

    (c) Experts retained by a party or its counsel for the purpose of testifying, consulting, or otherwise rendering assistance in this action;

    (d) Actual or potential witnesses and their counsel;

    (e) Litigation support services retained by a party or its counsel;

    (f) Court reporters;

    (g) The Court (including clerks and other Court staff);

    (h) Any arbitrator, mediator, or other ADR personnel, and staff therefor;

    (i) Any other person only upon order of the Court or upon the written stipulation of both parties.

5.  Each person who is permitted access to Protected Documents

designated as "Confidential," other than those listed in 4 (a), (b), (f), (g), (h), and (i) shall sign the agreement attached hereto as Exhibit A.

6. Protected Documents and any information contained therein shall be used solely for the prosecution or defense of this litigation.

7. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

8. Documents produced in this action may be designated by any party as "Confidential" by marking the cover page or each page of the document, item, compact disc, hard disc (hard drive), or e-mail "CONFIDENTIAL". In lieu of marking the originals of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged or otherwise used in this litigation.

9. (a) Testimony at any deposition in this litigation may be designated by any party as "Confidential" by indicating on the record at the deposition or in writing as to each page and line at issue to all parties within five (5) business days after receipt of the notification of the court reporter's production of the deposition transcript that the testimony is "Confidential" and subject to the provisions of this Order. Testimony designated as "Confidential" shall be treated as "Confidential" pursuant to paragraph 4 of this Order, except as otherwise indicated below.

(b) Each party to this Order shall attach a notice of "Portions Claimed Confidential" to the face of the transcript and each copy thereof in his possession, custody or control, and shall mark the designated sections of all such transcripts and copies as provided in Paragraph 8 above. All deposition transcripts shall be treated as so designated until five (5) business days after the court reporter's notification of production of the deposition transcript, the challenge/waiver process indicated herein, otherwise determined by the trial court, or by agreement of the parties

(c) Any deposition testimony deemed Confidential by agreement of the parties or by Order of the Court shall be marked as such by the Court Reporter in the official transcript, who shall (i) include the words "PORTIONS OF THIS TRANSCRIPT CONTAIN CONFIDENTIAL TESTIMONY SUBJECT TO COURT ORDER" in boldface type on the front cover of the deposition transcript; (ii) include the words "CONFIDENTIAL TESTIMONY" with the beginning and end page and line designations of the Confidential testimony in boldface type on the page before the first line of the Confidential testimony; (iii) indent the Confidential testimony one inch from the left margin; and (iv) include the words "END OF CONFIDENTIAL TESTIMONY" in boldface type on the page after the last line of Confidential testimony. Any deposition testimony designated "Confidential" pursuant hereto

must be filed under seal absent agreement of the designating party or order of the Court.

10. To the extent that Protected Documents or Confidential Information contained therein are used in depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony referring to the Protected Documents or Confidential Information contained therein where identified and designated as provided herein. To the extent the designating party insists, any deposition exhibits which are designated as "Protected Documents" or containing Confidential Information shall be placed in a separate envelope of the original transcript, and for any such exhibit the Court Reporter shall note in the transcript and on the face of the envelope that the exhibit is "Confidential Pursuant to Court Order." To the extent there is any added cost for this process it will be born solely by the designating party.

11. To the extent that Protected Documents or Confidential Information are used at hearings, at trial, or in briefing filed with the Court, the parties will raise with the Court at the time of the hearing, trial or briefing whether the Protected Documents or Confidential Information may be submitted under seal.

12. Any Protected Documents produced in this litigation shall be maintained within the physical control of each person or Party who receives such

Protected Documents. For purposes of this Paragraph 12, documents securely stored at the office of the person or Party who receives them shall be considered within such person or Party's physical control.

13. Inadvertent Disclosure:

(a) In the event that a party inadvertently or unintentionally produces documents or information containing Confidential Information which are not designated "Confidential" it shall notify the other parties in writing and shall, at its sole expense, furnish a copy of the information with the correct designation. Such inadvertent disclosure shall not be deemed a waiver in whole or in part of a claim for Confidential treatment unless later determined to be so by the Court. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

(b) If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly

present the information to the court under seal for a determination of the claim. The producing party shall preserve the original(s) of such document(s) until the claim is resolved.

14. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

15. If requested by the producing party after termination of this action as to all parties by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall make their best efforts to return the Protected Documents to designating counsel or destroy the Protected Documents (including all copies thereof) and portions of deposition transcripts containing Confidential Information and confirm such destruction upon completion, but not including any encrypted electronic copies of Protected Documents. However, the party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents.

16. In the event a party receives a document request, subpoena, or other process from a non-party seeking or requiring production of Protected Documents

in its possession, such party shall notify the designating party as soon as practicable and as to any such process received prior to a request for return or destruction as set forth in paragraph 15, further agrees to cooperate in seeking a protective order to prevent such production.

17. Any party which receives or furnishes to any third-party it retains (such as consultant, expert, or litigation support) any Protected Document hereby represents that it and any such third-party employ reasonable and appropriate security measures to protect such Protected Document(s) from further disclosure.

18. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

19. This Order shall not affect: (a) any party's right to object to any discovery request on any ground; (b) any party's right to invoke the attorney-client privilege or any other privilege; (c) any party's right to seek an order compelling discovery with respect to any discovery request; (d) any party's right to object to the admissibility of any information on any ground; (e) any party's ability to use its own Confidential Information in any manner it chooses; or (f) any party's ability to seek any other order or relief with respect to discovery issues that may hereafter arise.

20. The parties hereby respectfully request that the Court enter this Order pursuant to Federal Rule of Civil Procedure 26(c).

21. The parties and their counsel agree to be bound by the terms of this Order upon the signing below by their counsel even while the Order is still pending before the Court for entry of the Motion.

22. The Court finds that good cause exists for the entry of this order with the following condition. Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial. If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record. Accordingly, when materials are to be used in the foregoing manner, a

party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

SO ORDERED, this 21st day of December, 2022.

<pre>                                s/ C. Ashley Royal
                                C. ASHLEY ROYAL
                                UNITED STATES DISTRICT JUDGE
                                MIDDLE DISTRICT OF GEORGIA
</pre>

Presented by:
Roy E. Manoll, III
Fortson, Bentley and Griffin, P.A.
2500 Daniell's Bridge Road
Building 200, Suite 3A
Athens, Georgia 30606
rem@fbglaw.com